UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MARVILLE A. BRYAN,

                Petitioner,

      - against -

THE PEOPLE OF THE STATE OF NEW YORK,

                Respondent.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-1729 (PKC)

PAMELA K. CHEN, United States District Judge:

*Pro se* Petitioner Marville A. Bryan, a citizen and resident of Jamaica, paid the filing fee to commence this action and filed a petition for a *writ* of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Petition, Dkt. 1). Petitioner challenges the constitutionality of his 2004 conviction in the Supreme Court of the State of New York, Queens County. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of Mr. Bryan's Petition and, for the reasons set forth below, determined that he does not satisfy the standing requirement of being "in custody pursuant to the judgment of a State court" under 28 U.S.C. § 2254(a). Therefore, the Court dismisses the Petition.

## BACKGROUND

The following facts are drawn from the Petition and documents attached to the Petition (Appendix, Dkt. 1-1)—the allegations of which are assumed to be true for purposes of this Memorandum and Order—and public records. On February 9, 2004, Petitioner pleaded guilty to one count of rape in the second degree and was sentenced in the Supreme Court of the State of New York, Queens County, to six months' imprisonment followed by ten years' probation. (Petition, Dkt. 1, at 13; Appendix, Dkt.1-2, at 21). He waived his right to appeal. (Appendix, Dkt.

1

1-2, at 24). After completing his sentence, petitioner was detained during deportation proceedings, and then removed from the United States by federal immigrations authorities. (Petition, Dkt. 1, at 13.) "[S]hortly" after the Bureau of Immigration Appeals' decision on February 14, 2005, [P]etitioner was returned to Jamaica." (Petition, Dkt. 1, at 13; Appendix, Dkt. 1-2, at 26).

On December 22, 2019, Petitioner filed a post-conviction motion under § 440.10 of the Criminal Procedure Law in the Supreme Court of the State of New York, Queens County. (Petition, Dkt. 1, at 14). The motion was denied by the trial court on July 30, 2020, (Appendix, Dkt. 1-2, at 85), and the Supreme Court of the State of New York, Appellate Division, Second Department, denied leave to appeal that decision by order dated March 29, 2021, *People v. Bryan*, No. 2021-01332, 2021 WL 1169137 (N.Y. App. Div. Mar. 29, 2021).

Petitioner filed the instant petition on March 9, 2022.[1] On March 29, 2022, the action was transferred to this Court from the United States District Court for the Southern District of New York. (Dkt. 4).

## DISCUSSION

A district court has subject matter jurisdiction to consider a state prisoner's petition for habeas relief "only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States" at the time he files the petition. 28 U.S.C. § 2254(a) (emphasis added); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (explaining that the "in custody" requirement under 28 U.S.C. § 2241 is jurisdictional); *Ogunwomoju v. United States*, 512 F.3d 69, 73-75 (2d Cir. 2008). The Supreme Court has interpreted this statutory language "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his

---

[1] Because Bryan lives in Jamaica, the petition was submitted on his behalf by Ms. Beverly C. Johnson, a resident of Brooklyn. (Petition, Dkt. 1, at 17.)

petition is filed." *Maleng*, 490 U.S. at 490–91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). If a petition is filed after a sentence has been fully served and thus expired, the petitioner is no longer "in custody" pursuant to that conviction and he may not directly challenge it by way of a petition for *writ* of *habeas corpus* in federal court. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401–02 (2001). Custody encompasses more than just physical confinement in prison, *Maleng*, 490 U.S. at 491, and includes probation or parole, *Carafas*, 391 U.S. at 238; *Dearstyne v. Mazzuca*, 679 F. App'x 21, 22 (2d Cir. 2017). However, a petitioner is not "in custody" if his sentence of incarceration or probation has been fully served and only collateral consequences related to the conviction remain. *Maleng*, 490 U.S. at 491–92.

Mr. Bryan's sentence had already expired on March 9, 2022, when he filed this Petition. He was released from prison in 2004 and deported in 2005. Although Bryan was sentenced to ten years' probation on March 29, 2004 (Appendix, Dkt. 1-2, at 21), that term has expired, as well. In addition, Mr. Bryan's Petition does not reference any detention or collateral consequence that would qualify as "custody."[2]

Accordingly, the Petition is dismissed for lack of jurisdiction because Bryan is no longer "in custody" pursuant to the 2004 New York State conviction he seeks to challenge in this petition. *Dhinsa v. Krueger*, 917 F.3d 70, 79 (2d Cir. 2019) ("We have characterized this statutory 'custody' requirement as 'jurisdictional,' and therefore mandatory and non-waivable." (citing *United States v. Rutigliano*, 887 F.3d 98, 104 (2d Cir. 2018))).

---

[2] Because Petitioner had been deported and was residing in Jamaica at the time this action was filed, he is not "in custody" for purposes of § 2254(a); rather, those facts additionally prevent this Court from granting the Petition. *Rodriguez v. New York*, No. 16-CV-5615 (JFB), 2017 WL 1655217, at *6 (E.D.N.Y. May 2, 2017) (collecting cases).

## CONCLUSION

For the reasons set forth above, the Petition for a *writ* of *habeas corpus* is dismissed. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 8, 2022
      Brooklyn, New York